UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

MARK DEWAYNE HALLCY,

    Petitioner,

v.               No. 5:23-CV-00042-H

DIRECTOR, TDCJ-CID,

    Respondent.

**OPINION AND ORDER DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Mark DeWayne Hallcy, a state prisoner acting pro se and *in forma pauperis*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Respondent has not filed an answer, but after reviewing Petitioner's pleadings, the Court concludes that he fails to show that he is eligible for federal habeas relief. The petition is denied and dismissed with prejudice for failure to state a claim. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**1. Background and Petitioner's claims**

The Court understands Petitioner to challenge the October 18, 2022 denial of his release to parole, the subsequent denial of relief by the Texas Court of Criminal Appeals (TCCA), and his underlying 2017 guilty-plea conviction and resultant 8-year sentence. *See, e.g.*, Dkt. Nos. 20, 27, 31. The scope of Petitioner's grounds for relief, however, remains unclear. He has filed more than a dozen different documents containing arguments or grounds on which he believes he is entitled to relief. The Court previously unfiled some of his unauthorized supplements, informed Petitioner that it would not permit piecemeal

pleadings, and instructed Petitioner that he must file a final, complete amended petition containing all his grounds for relief. Dkt. No. 18. He filed his final amended petition on July 24, 2023, listing only two grounds for relief. Dkt. No. 20.

However, since then, he has filed a host of motions, including three more motions to supplement or amend his petition, listing new grounds for relief and attempting to reframe the grounds raised in previous pleadings. Dkt. Nos. 27, 29, and 31. Additionally, Petitioner filed three documents titled "TAKE JUDICIAL NOTICE" in which he reiterates arguments that he says he made in his related state-court proceedings. Dkt. Nos. 30, 32, and 34. And he has filed five other miscellaneous motions in which he has included supplemental arguments and grounds in support of his request for release. Dkt. Nos. 28, 33, 35, 36, and 37. In these miscellaneous motions, Petitioner seeks reconsideration of the denial of his request for release on bond (Dkt. No. 28), certification of a class action (Dkt. No. 33), leave to invoke the jurisdiction of the Court, (Dkt. No. 35), leave to satisfy the requirements of Section 2254(d)(1), (Dkt. No. 36), and expedited review (Dkt. No. 37). These requests are denied.[1]

---

[1] Petitioner's motion for reconsideration is denied for the reasons stated in the Court's prior order (Dkt. No. 12) and in the Fifth Circuit's affirmance of that order (Dkt. No. 22). Petitioner's motion to certify a class is denied, among other reasons, because he has not demonstrated his adequacy to represent a class and because his purported class claims are frivolous. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that a prison inmate unassisted by counsel was not competent to represent a class of fellow inmates); *see also McGrew v. Texas Bd. of Pardons and Paroles*, 47 F.3d 158, 162 (5th Cir. 1995) (finding it dubious that a pro se prisoner could serve as an adequate class representative, particularly when his own pleadings failed to state a cause of action). His remaining motions are less clear, but to the extent Petitioner asks the Court to expedite briefing and order an answer from the respondent, the request is denied because this petition is subject to summary dismissal. Petitioner's motions are denied in all other respects, except to the extent that the Court considers his supplemental claims and arguments.

Piecemeal pleadings, like Petitioner's repeated motions and other miscellaneous submissions, are strongly disfavored because they often muddy the water and make it more difficult to identify a petitioner's live claims. Nonetheless, in an attempt to avoid further delay in this proceeding, the Court has considered Petitioner's supplemental arguments to the extent they are discernable. Thus, the Court grants Petitioner's requests to supplement his claims and denies the motions as to all other relief.

Petitioner's pleadings are difficult to understand. Considered as a whole, Petitioner appears to argue that (1) the current Texas laws for applying good-conduct time, as amended in 1977 and re-codified in 1989, are unconstitutional generally and as applied to him, (2) the state habeas court erred in denying him relief without due process, (3) the trial court failed to give him fair warning about the parole laws before he pled guilty, and (4) his guilty-plea conviction is void.

2.  **Legal Standards**

Federal habeas relief is unavailable "absent the allegation by a [petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle,* 65 F.3d 29, 31 (5th Cir. 1995). Moreover, "federal habeas relief does not lie for errors of state law," and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991); *West v. Johnson,* 92 F.3d 1385, 1404 (5th Cir. 1996).

3

### A. Parole Laws

The United States Constitution does not create a liberty interest in parole. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (explaining that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.") Moreover, "it is entirely up to each State whether it chooses to create a parole system and the amount of discretion with which it entrusts its parole decisionmakers." *Brasfield v. Owens*, No. A-05-CA-1009-SS, 2007 WL 9701123, at *9 (W.D. Tex. Aug. 28, 2007). And Texas has elected not to create a liberty interest in parole. *See Orellana*, 65 F.3d at 31–32; *Allison v. Kyle*, 66 F.3d 71, 73–74 (5th Cir. 1995).

"Under Texas law, good-time credits do not actually reduce an inmate's sentence." *Westbrook v. Davis*, No. 1:15-CV-066-BL, 2016 WL 8453008, at *3 (N.D. Tex. Dec. 15, 2016), *report and recommendation adopted*, No. 1:15-CV-066-C, 2017 WL 880858 (N.D. Tex. Mar. 3, 2017). In fact, it is well established that "[a] Texas prisoner does not necessarily have a constitutional expectancy of release on a particular date." *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Rather, in Texas, "[a]s a general rule, only sanctions which result in loss of good conduct time for inmates who are eligible for release on mandatory supervision or which otherwise directly or adversely affect release on mandatory supervision will impose upon a liberty interest." *Spicer v. Collins*, 9 F. Supp. 2d 673, 685 (E.D. Tex. 1998) (citing *Orellana*, 65 F.3d at 31–33).

### B. Ex Post Facto Violations

The United States Constitution prohibits the passing of any ex post facto law. U.S. Const. art 1 §§ 9 & 10. Two elements are required to establish a violation of the Ex Post

4

Facto Clause: "(1) a law must be retrospective, that is, it must apply to events occurring before its enactment, and (2) the new law must create a sufficient risk of increasing the punishment attached to the defendant's crimes." *McCall v. Dretke*, 390 F.3d 358, 363 (5th Cir. 2004).

### C.  Successive Petitions

Under 28 U.S.C. § 2244(b)(3)(A), a petitioner may not file a second or successive habeas corpus action unless he first obtains authorization from the appropriate court of appeals. *See Moran v. Stalder*, 121 F.3d 210, 211 (5th Cir. 1997) (holding that petitioners filing their Section 2254 petitions in federal district court after April 24, 1996, are subject to the "successive" provisions enacted by the Antiterrorism and Effective Death Penalty Act of 1996). This requirement "simply transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court." *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Not all second-in-time petitions are second or successive within the meaning of 28 U.S.C. § 2244. *See In re Hensley*, 836 F. 3d 504, 506 (5th Cir. 2016). But "[a] petition is successive 'when it raises a claim . . . that was or could have been raised in an earlier petition,'" *In re Edwards*, 865 F.3d 197, 203 (5th Cir. 2017) (quoting *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008)), unless it challenges a different judgment. *See Magwood v. Patterson*, 561 U.S. 320, 331–32 (2010); *Hensley*, 836 F.3d at 506.

### 3.  Discussion

Petitioner fails to demonstrate that he is entitled to federal habeas relief. First, his contentions that the state courts or legislature violated the Texas constitution or state laws

are not cognizable in a federal habeas petition. Second, his claims fail to implicate any federally protected liberty interest. Petitioner is not eligible for release to mandatory supervision, and he has no liberty interest in release to parole. Moreover, he has failed to establish any violation of the Ex Post Facto Clause. The laws about which he complains are not new and were not retroactively applied to extend his sentence. Rather, Petitioner bargained for and received an 8-year prison sentence. He has no constitutional expectancy of early release from that sentence. Finally, to the extent Petitioner contends that his guilty-plea conviction should be vacated because he misunderstood the applicable parole laws, his claims are successive and the Court lacks authorization to consider them. Thus, his petition fails to state a claim that entitles him to federal habeas review.

### A. State-law claims

Petitioner complains that the current parole laws were implemented by the state legislature in violation of the Texas constitution because the amended law changed the original purpose of good-conduct time. *See* Dkt. No. 36. Thus, he contends that the law was "void from its inception and unconstitutional [as] imposed and enforced." But even a violation of the state constitution is insufficient to state a claim for federal relief. *Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998) (explaining that a violation of the Texas Constitution or other state law does not constitute an independent basis for federal habeas relief) (citing *Estelle*, 502 U.S. at 67–68). Moreover, Petitioner avers that he exhausted this claim by raising it in a state habeas application and two state petitions for mandamus relief. The TCCA's denial of these claims is "a final and authoritative answer to petitioner's

contention that his imprisonment was illegal under the state's constitution or laws." *Smith v. O'Grady*, 312 U.S. 329, 330 (1941).

Simply put, these arguments do not establish a violation of federal law. And as explained above, federal habeas relief will not issue to correct errors of state law, unless a federal issue is also present. *Estelle*, 502 U.S. at 67–68. Thus, because no federal issue is present, these claims are not cognizable under 28 U.S.C. § 2254.

### B. State-process claims

Relatedly, Petitioner claims that the TCCA violated his right to due process when it denied his habeas claims without a response from the State, without a hearing, and without written order, and when it denied his requests for mandamus relief. But the Fifth Circuit has consistently held that defects in state habeas or other collateral proceedings are not cognizable on federal habeas review. *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) (collecting cases). Petitioner's claims about the state writ process are foreclosed by long-established circuit precedent. *Rudd v. Johnson*, 256 F.3d 317, 320 (5th Cir. 2001) (explaining that "an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself"). Likewise, Petitioner's claims that the TCCA failed to implement state rules requiring trial courts to admonish defendants about the applicable parole laws and their history fail to state a claim for federal habeas relief as a matter of law. *Estelle*, 502 U.S. at 67–68.

### C. Denial-of-parole

Petitioner vaguely challenges the denial of his release to parole in 2022. Dkt. No. 20 at 9. He asserts that he should have been released because, by September 2020, he had

served half of his sentence—four years—in flat time. *Id.* at 7, 9; *see also* Dkt. No. 29. So, he argues that his good-conduct time, if afforded its original purpose, would have been credited to allow him to discharge his sentence. *Id.* But as explained above, Petitioner has no federal constitutional right to early release. *See Orellana,* 65 F.3d at 31–32.

Petitioner is ineligible for release to mandatory supervision because he is serving a sentence for aggravated assault with a deadly weapon. *See* Dkt. No. 1 at 1; Tex. Gov. Code § 508.149(a). Thus, he has no liberty interest in the application of his good-time credit. Nor does he have a liberty interest in release to parole.

### D.     Ex post facto claims

Petitioner asserts that the Texas legislature unconstitutionally changed the state's parole laws to make early release more onerous in violation of the Ex Post Facto Clause. But he does not appear to allege that the law changed after he committed his offense of conviction, or that any change in the law was retroactively applied to extend his sentence. Instead, he appears to claim that the legislature divested inmates of a protected liberty interest in 1977—thirty years before his guilty plea—when it changed the law so that good-conduct time applies only to eligibility for parole or mandatory supervision and does not otherwise affect an inmate's term. *See* Tex. Gov. Code § 498.003(a), formerly Tex. Civ. Stat. art. 6181-1 § 4 (Vernon 1977) (providing that good-time credits apply "only to eligibility for parole or mandatory supervision . . . and do[] not otherwise affect an inmate's term").

So, Petitioner merely asserts that the law was once more favorable Texas prisoners, and he disagrees with the changes that the legislature made several decades ago and well

before his current conviction. In other words, he complains about the law as it existed when he entered his guilty plea in 2017 and the effect of the law in permitting the parole board to deny his release to parole in 2022. Because Petitioner has not identified any post-offense change in the law that has been retroactively applied to extend his sentence, he has failed to establish any violation of the Ex Post Facto Clause.

### E. Trial-court error

Finally, Petitioner contends that the trial court erred in failing to admonish him about the 1977 and 1989 changes to the law before his 2017 guilty plea. He implies that the trial court warned him that he would not become eligible to be considered for parole until he had served half his sentence, but he contends that the trial court's notice did not adequately inform him of the legislative history. *See* Dkt. Nos. 20, 27. And Petitioner argues that his guilty-plea conviction is unconstitutional because of the allegedly defective admonishment. Dkt. No. 20 at 15. Petitioner primarily raises these challenges second-hand. In other words, Petitioner does not appear to directly challenge his trial-court proceedings. Instead, he contends that the TCCA erred in not granting his habeas and mandamus petitions to correct the alleged errors of the trial court.

Out of an abundance of caution, the Court briefly addresses the underlying claim of trial-court error. To the extent that Petitioner intended to challenge his 2017 guilty-plea conviction and 8-year prison sentence, the Court lacks authority to entertain the challenge because it is successive. Petitioner previously challenged the same guilty-plea conviction and eight-year prison sentence in No. 5:18-CV-00180 in this Court. There, the Court found that Petitioner's guilty plea was entered knowingly, voluntarily, and intelligently, and it

9

denied the petition and dismissed the action with prejudice. *See* No. 5:18-CV-00180 at Dkt. Nos 39, 40. Petitioner appealed the denial, but the Fifth Circuit denied him a certificate of appealability, Dkt. No. 43, and the Supreme Court denied his petition for writ of certiorari, Dkt. No. 46.

Any of Petitioner's claims that purport to challenge his 2017 guilty-plea proceeding are based on information that was readily available to him before the entry of his guilty plea. As a result, the Court finds that any claims about his 2017 judgment of conviction could have been raised in his earlier petition. So these claims, if any, are successive. And, because Petitioner has not demonstrated that he has received authorization from the Fifth Circuit to file a successive petition, the Court lacks jurisdiction to consider them. Thus, the court dismisses these claims without prejudice to Petitioner's right to seek authorization from the Fifth Circuit.

**4.   Conclusion**

For the reasons discussed above, Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 must be denied and dismissed for failure to state a claim.

Also, pursuant to Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), Petitioner has failed to show that reasonable jurists would (1) find this Court's "assessment of the constitutional claims debatable or wrong" or (2) find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." Thus, any request for a certificate of appealability should be denied. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

5.  **Warning**

The Court warns Petitioner that filings by prisoners consume inordinate amounts of scarce judicial resources and may delay the courts' hearing of valid complaints. *See Holloway v. Hornsby*, 23 F.3d 944, 946 (5th Cir. 1994). Repeated frivolous filings in a particular case can slow the review process and delay the Court in reaching a decision on the merits. Petitioner is admonished that if he continues to file frivolous pleadings, motions, or other documents, then the Court will impose sanctions against him. The Court may assess a monetary fee, dismiss a complaint with prejudice, bar Petitioner from filing pleadings without first obtaining the Court's permission, or any combination of these sanctions.

All relief not expressly granted, and any remaining pending motions are denied.

So ordered.

Dated ___May 1___, 2024.

_____
JAMES WESLEY HENDRIX
United States District Judge